# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JIMMY R. GRAVELY II,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0192** (BOR Appeal No. 2047425)
(Claim No. 980012923)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HUNTINGTON STEEL & SUPPLY COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy R. Gravely II, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated December 19, 2012, in which the Board affirmed a June 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 6, 2012, decision which denied a request for a steroid injection to the right knee, an orthopedic consultation, and a right knee MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Gravely, a crane operator, was injured on August 21, 1997, when a stack of steel beams fell on him. His claim was held compensable for contusions of the leg and crushing injury of the leg. Mr. Gravely suffered a previous injury in 1992 to his right knee. Following the compensable 1997 injury, Mr. Gravely complained of pain and swelling in his right knee. He was treated by Francisco Valentin, M.D., who noted in 2000 that Mr. Gravely required a knee brace and had difficulty walking. Peter Brooks, M.D., an orthopedic surgeon, determined in 2002 that x-rays of Mr. Gravely's right knee showed degenerative changes involving the medial compartment. He diagnosed osteoarthritis of the knee secondary to the work-related injury. A right knee x-ray taken on March 19, 2010, revealed tricompartmental osteoarthritis. An x-ray of the uninjured left knee also revealed tricompartmental osteoarthritis as well as small loose bodies in the posterior joint space and probable osteochondroma of the medial proximal tibia.

Allen Young, M.D., Mr. Gravely's current treating physician, opined in his November 21, 2011, treatment note that Mr. Gravely has had chronic right knee pain since the compensable injury. He stated that the March 19, 2010, right knee x-ray looks much more severe than the left knee x-ray regarding degenerative changes. He also opined that the current right knee problems are the result of the compensable injury. He requested a steroid injection to the right knee, an orthopedic consultation, and a right knee MRI. The claims administrator denied the requests on January 6, 2012.

The Office of Judges affirmed the claims administrator's decision in its June 28, 2012, Order. It determined that though Dr. Young opined that the right knee x-ray looked much worse than the left knee x-ray, it appears from a reading of the reports that the left knee actually has more significant degenerative changes than the right knee. The left knee x-ray showed tricompartmental osteoarthritis, small loose bodies in the posterior joint space, and probable osteochondroma of the medial proximal tibia. The right knee x-ray simply showed tricompartmental osteoarthritis. The fact that Mr. Gravely has bilateral tricompartmental osteoarthritis was found to demonstrate that the osteoarthritis of the right knee is not necessarily related to the compensable injury. The Office of Judges noted that an April 19, 2010, claims administrator's decision denied a request for a right knee steroid injection for osteoarthritis based upon the March 19, 2010, bilateral knee x-rays. The claims administrator found that it appeared that the degenerative changes were naturally occurring and not related to the compensable right knee injury. The decision was affirmed by the Office of Judges on December 22, 2010, and was not appealed. The Office of Judges concluded in the present case that Mr. Gravely's current condition is the result of degenerative changes and is unrelated to his compensable August 21, 1997, injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 19, 2012, decision. This Court disagrees with the reasoning and conclusions of the Board of Review. Mr. Gravely's treating physician, Dr. Young, read the March 19, 2010, right and left knee x-rays and opined that the osteoarthritis in the right knee was worse than in the left. The x-ray report states that Mr. Gravely has osteoarthritis in both knees; however, it does not state to what severity. Dr. Young stated that Mr. Gravely has suffered chronic right knee pain since his compensable injury and causally connected the current

right knee condition to the compensable injury in a February 20, 2012, treatment note. We find that Dr. Young's opinion as treating physician is persuasive.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize a steroid injection to the right knee, an orthopedic consultation, and a right knee MRI.

Reversed and Remanded.

**ISSUED:   October 15, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II

Justice Loughry, dissenting:
The majority incorrectly reasons that a right knee steroid injection, an orthopedic consultation, and a right knee MRI should be authorized in the instant claim. The evidence fails to show that the requested medical treatment is medically related and reasonably required for the treatment of symptoms arising from the August 21, 1997, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record shows that the claimant's requested medical treatment arises from the natural progression of pre-existing degenerative changes and is unrelated to the August 21, 1997, compensable injury. Accordingly, I respectfully dissent.